**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| | |
|---|---|
| **RANDALL S. PARRISH** )  | |
| ) | **Case No. 19-31632-KRH** |
| **Debtor,** ) | **Chapter 13** |
| ) | |
| **JAY M. PARRISH** ) | |
| ) | |
| **Joint Debtor.** ) | |

**MOTION FOR RELIEF FROM STAY**
**AND NOTICE OF MOTION AND HEARING**

Essex Bank ("Essex"), by counsel, respectfully moves this Court to grant relief from the Automatic Stay of 11 U.S.C. § 362 to allow Essex to enforce its remedies under certain security instruments and state law, including the right to foreclose upon and sell certain real property owned by the Debtor and Joint Debtor ("Debtors"), and in support thereof states as follows as its Motion for Relief from Stay:

1. The Court has jurisdiction pursuant to 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157.

2. The Debtors filed a voluntary Chapter 13 Petition on or about March 27, 2019. Suzanne E. Wade was appointed as Trustee and continues to serve in that role.

3. On or about February 28, 2010, the Debtors executed a Promissory Note ("Note") in the principal amount of $234,813.93, payable to and currently held by Essex, which was extended and/or modified by a series of other instruments, culminating most recently in a "Change in Terms Agreement" dated August 31, 2018 (collectively the "Note Documents"). A copy of the Note Documents is attached collectively as Exhibit 1.

1

4. The Note as modified by the Note Documents is secured by a Deed of Trust dated January 19, 2006 and recorded in the Circuit Court of Goochland County, Virginia on January 20, 2006, as Instrument No. 060000315, having been executed by the Debtors and encumbering certain real property owned by the Debtor in Goochland County, Virginia located at 3015 River Road West ("Property"). A copy of the Deed of Trust is attached to this Motion as Exhibit 2. A full and complete description of the Property is contained in the Deed of Trust.

5. Upon information and belief, the Property is not the Debtor's primary residence and is used for commercial purposes.

6. Essex is a secured creditor of the Debtors, with a payoff as of the petition date of $ $136,796.93 in principal, $2,042.82 in accrued interest, $27,935.76 in pre-petition late fees, and $325.00 in other charges, in accordance with the terms of the instruments. The total due and owing to Essex is $167,100.51 as of the petition date.

7. In addition to the amounts due and owing to Essex, Towne Bank has filed a proof of claim in the amount of $54,497.57, secured by a deed of trust on the Property, and James Blackburn, Sr. has filed a proof of claim in the amount of $177,500.00, which is also secured by a deed of trust on the Property.

8. The total amount due and owing to Essex and these other two creditors, and secured by the Property, as of the petition date, is $399,098.08.

9. The value of the Property as scheduled by the Debtors is $367,400.00, which is the same as the current tax assessment value, attached as Exhibit 3. In addition, on June 6, 2019, Clifford Porter, a real estate agent for the Debtors, e-mailed Debtors' counsel and several creditors to indicate that based on comparable properties, he did not

believe that the Property would sell for enough to pay off all three liens. A copy of this e-mail is attached as Exhibit 4.

10. Despite filing a plan which proposed regular contract payments and despite continuing to benefit from the Property, the records of Essex Bank reflect that the Debtors have not made any payment on the Note since April 19, 2019.

11. Cause exists to grant relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2), as the Debtors have no equity in the Property, and it is not necessary for an effective reorganization as evidenced by the Debtors' filed plan which proposes to liquidate the Property.

12. Essex further requests that the fourteen day period under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure during which the stay remains in effect be waived and any Order granting relief shall become effective immediately upon entry.

WHEREFORE, for the foregoing reasons, Essex Bank respectfully requests that this Court enter an Order granting it relief from the automatic stay of 11 U.S.C. § 362 as to the Property, allowing Essex to enforce its remedies under the Note and Note Documents and Deed of Trust, and otherwise under state law, including the right to foreclose upon the Property, and that the fourteen day period under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure during which the stay remains in effect be waived and that any Order granting relief shall become effective immediately upon entry, and that it have such other and further relief as the Court may deem appropriate.

## NOTICE OF MOTION AND NOTICE OF HEARING

PLEASE TAKE NOTICE that, on July 17, 2018, Doug Myers, party-in-interest herein, filed a MOTION FOR RELIEF FROM STAY ("Motion") with the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Court").

**PLEASE TAKE FURTHER NOTICE that your rights may be affected. You should read the Motion carefully and discuss it with your attorney, if you have one in this case. (If you do not have an attorney, you may wish to consult one).**

**PLEASE TAKE FURTHER NOTICE** if you do not want the Court to grant the relief requested in the Motion, or if you want the Court to consider your views on the relief requested therein, then, by **July 17, 2019** (the "Response Deadline"), you or your attorney must:

☒  File with the Court, either electronically or at the address shown below, a written response to the Motion pursuant to Rule 9013-1(H) of the Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia. If you mail your written response to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the Response Deadline.

**If a response is not properly and timely filed and served, the Court may deem any opposition waived, treat the Motion as conceded and enter an appropriate order granting the requested relief without further notice or hearing.**

        Clerk of the Court
        United States Bankruptcy Court
        701 East Broad Street
        Suite 4000
        Richmond, VA 23219

☒  Attend a hearing before the Honorable Kevin R. Huennekens, United States Bankruptcy Judge, at **11:00 A.M.** (prevailing Eastern Time) on **July 24, 2019**, at the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division, 701 East Broad Street, Room 5000, Richmond, Virginia 23219.

4

Respectfully submitted,

      */s/ David G. Browne*
David G. Browne (VSB No. 65306)
SPIRO & BROWNE, PLC
6802 Paragon Place, Suite 410
Richmond, Virginia 23230
Telephone: (804) 573-9220
Facsimile: (804) 836-1855
Email: dbrowne@sblawva.com
*Counsel for Essex Bank*

### CERTIFICATE OF SERVICE

I hereby certify that on this 27 day of June, 2019, a true and accurate copy of the foregoing Motion for Relief from Stay was filed via the ECF system and served thereby on all parties receiving notice via the ECF system.

      */s/ David G. Browne*

Respectfully submitted,

      */s/ David G. Browne*
David G. Browne (VSB# 65306)
Spiro & Browne, PLC
6802 Paragon Place, Suite 410
Richmond, VA 23230
Telephone:    (804) 573-9220
Facsimile:     (804) 836-1855
E-mail:         dbrowne@sblawva.com
*Counsel for Essex Bank*

5